# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | CASE NO. 1:26-CV-100 |
| UNITED PARCEL SERVICE, INC., | ) | **JURY TRIAL DEMANDED** |
| *Defendant,* | ) | |
| HAND HELD PRODUCTS, INC., | ) | |
| *Intervenor*, | ) | |

**HAND HELD PRODUCTS, INC.'S ANSWER IN INTERVENTION, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor Hand Held Products, Inc. ("HHP"), by and through its undersigned counsel, hereby files this Answer in Intervention, Defenses, and Counterclaims to Intellectual Ventures I LLC's and Intellectual Ventures II LLC's (collectively, "Plaintiffs") Complaint against Defendant United Parcel Service, Inc. ("UPS") ("Complaint").

**SCOPE OF HHP'S ANSWER IN INTERVENTION**

HHP's intervention in this case is limited to defending claims arising from UPS' use of HHP's products, specifically the DIAD 5 and DIAD 6. To the extent a response is required to allegations outside of this scope, HHP is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

## GENERAL DENIAL

Except as expressly admitted below, HHP denies each and every allegation set forth in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts. HHP's use of headings in this Answer in Intervention is for convenience only and is not an admission as to any of Plaintiffs' allegations in the Complaint. Each numbered paragraph below responds to the same numbered paragraph in the Complaint.

## NATURE OF THE ACTION

HHP admits that Plaintiffs allege in the Complaint counts for infringement of United States Patent No. 7,199,715 (the "'715 Patent"), United States Patent No. 7,336,176 (the "'176 Patent"), United States Patent No. 7,623,439 (the "'439 Patent"), United States Patent No. 8,594,122 (the "'122 Patent"), and United States Patent No. 11,363,564 (the "'564 Patent") (collectively, the "Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

## THE PARTIES

1. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies the same.

4. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

5. HHP admits the Complaint purports to bring an action under the patent laws of the United States, Title 35 of the United States Code, but denies that HHP has infringed any valid claim of the Asserted Patents and denies that Plaintiffs are entitled to any relief. To the extent Plaintiffs purport to bring a civil action arising under the patent laws of the United States, HHP does not contest subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 1338(a).

6. Paragraph 6 contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP denies that UPS has infringed the Asserted Patents through UPS's use of HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 6 of the Complaint and therefore denies the same.

7. Paragraph 7 contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP denies that UPS has infringed the Asserted Patents through UPS's use of HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 of the Complaint and therefore denies the same.

8. Paragraph 8 contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP denies that UPS has infringed the Asserted Patents through UPS's use of HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 8 of the Complaint and therefore denies the same.

9. Paragraph 9 contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP denies that UPS has infringed

the Asserted Patents through UPS's use of HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 9 of the Complaint and therefore denies the same.

10. Paragraph 10 contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP denies that UPS has infringed the Asserted Patents through UPS's use of HHP's products. HHP does not contest whether venue is proper pursuant to 28 U.S.C. § 1400(b), but it does contend that the venue is inconvenient. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 10 of the Complaint and therefore denies the same.

## FACTUAL BACKGROUND

### Intellectual Ventures

11. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

## BACKGROUND OF THE TECHNOLOGY

### Tag Tracking System

14. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

**Position Indicating System**

18. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same.

**Cyclic Diversity**

21. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies the same.

27. HHP admits that it is responsible for the manufacture of a product named DIAD 6 and supplies the same to UPS. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 27 of the Complaint and therefore denies the same.

**Wireless Network Communications**

28. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies the same.

29. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies the same.

31. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32. HHP admits that it is responsible for the manufacture of a product named DIAD 6 and supplies the same to UPS. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 32 of the Complaint and therefore denies the same.

**Paging in a Wireless Network**

33. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies the same.

35. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies the same.

36. HHP admits that it is responsible for the manufacture of products named DIAD 5 and DIAD 6 and supplies the same to UPS. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 36 of the Complaint and therefore denies the same.

## THE ASSERTED PATENTS

37. HHP admits that Exhibit 1 of the Complaint purports to be an accurate reproduction of the ’715 Patent, entitled “System and Method for Tracking ID Tags Using a Data Structure of Tag Reads,” which was issued on April 3, 2007. HHP denies that the ’715 Patent is valid, enforceable, and/or duly issued. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 37 of the Complaint and therefore denies the same.

38. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies the same.

39. To the extent the allegations of Paragraph 39 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies the same.

40. HHP admits that the ’715 Patent identifies the individuals listed in Paragraph 40 of the Complaint as inventors. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 40 of the Complaint and therefore denies the same.

41. HHP admits, on information and belief, that the ’715 Patent expired on September 21, 2025.

42. HHP admits that Exhibit 2 of the Complaint purports to be an accurate reproduction of the ’176 Patent, entitled “Position Indicating System,” which was issued on February 26, 2008. HHP denies that the ’176 Patent is valid, enforceable, and/or duly issued. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 42 of the Complaint and therefore denies the same.

43. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44. To the extent the allegations of Paragraph 44 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45. HHP admits that the ’176 Patent identifies the individual listed in Paragraph 45 of the Complaint as an inventor. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 45 of the Complaint and therefore denies the same.

46. HHP admits that Exhibit 3 of the Complaint purports to be an accurate reproduction of the ’439 Patent, entitled “Cyclic Diversity Systems and Methods,” which was issued on November 24, 2009. HHP denies that the ’439 Patent is valid, enforceable, and/or duly issued. HHP otherwise

lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 46 of the Complaint and therefore denies the same.

47. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies the same.

48. To the extent the allegations of Paragraph 48 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies the same.

49. HHP admits that the ’439 Patent identifies the individuals listed in Paragraph 49 of the Complaint as inventors. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 49 of the Complaint and therefore denies the same.

50. HHP admits that Exhibit 4 of the Complaint purports to be an accurate reproduction of the ’122 Patent, entitled “Transmit Announcement Indication,” which was issued on November 26, 2013. HHP denies that the ’122 Patent is valid, enforceable, and/or duly issued. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 50 of the Complaint and therefore denies the same.

51. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies the same.

52. To the extent the allegations of Paragraph 52 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies the same.

53. HHP admits that the ’122 Patent identifies the individual listed in Paragraph 53 of the Complaint as an inventor. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 53 of the Complaint and therefore denies the same.

54. HHP admits that Exhibit 5 of the Complaint purports to be an accurate reproduction of the ’564 Patent, entitled “Paging in a Wireless Network,” which was issued on June 14, 2022. HHP denies that the ’564 Patent is valid, enforceable, and/or duly issued. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 54 of the Complaint and therefore denies the same.

55. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore denies the same.

56. To the extent the allegations of Paragraph 56 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies the same.

57. HHP admits that the ’564 Patent identifies the individual listed in Paragraph 57 of the Complaint as an inventor. HHP lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 57 of the Complaint and therefore denies the same.

## COUNT I

(Defendant’s Infringement of U.S. Patent No. 7,199,715)

58. HHP repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

59. To the extent the allegations of Paragraph 59 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 59 of the Complaint.

60. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies the same.

61. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and therefore denies the same.

62. To the extent the allegations of Paragraph 62 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 62 of the Complaint.

63. To the extent the allegations of Paragraph 63 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 63 of the Complaint.

64. To the extent the allegations of Paragraph 64 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 64 of the Complaint.

65. Paragraph 65 contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies the same.

66. To the extent the allegations of Paragraph 66 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 66 of the Complaint.

67. To the extent the allegations of Paragraph 67 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/SPSF%20and%20RFID%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 67 of the Complaint purports to contain screenshots taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/SPSF%20and%20RFID%20thumbnail%20video.mp4. To the extent the allegations in Paragraph 67 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 67 of the Complaint purports to contain screenshots taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4. To the extent the allegations of Paragraph 67 purport to characterize the contents of the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/, that document speaks for itself. HHP admits Paragraph 67 of the Complaint purports to contain screenshots taken from the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/. HHP otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies the same.

68. To the extent the allegations of Paragraph 68 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/SPSF%20and%20RFID%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 68 of the Complaint purports to contain screenshots taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/SPSF%20and%20RFID%20thumbnail%20video.mp4. To the extent the allegations in Paragraph 68 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 68 of the Complaint purports to contain screenshots taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4. To the extent the allegations of Paragraph 68 purport to characterize the contents of the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ, that document speaks for itself. HHP admits Paragraph 68 of the Complaint purports to contain a screenshot taken from the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ. HHP otherwise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint and therefore denies the same.

69. To the extent the allegations of Paragraph 69 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/SPSF%20and%20RFID%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 69 of the Complaint purports to contain a screenshot taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/SPSF%20and%20RFID%20thumbnail%20video.mp4. To the extent the allegations in Paragraph 69 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 69 of the Complaint purports to contain screenshots taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4. To the extent the allegations of Paragraph 69 purport to characterize the contents of the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/, that document speaks for itself. HHP admits Paragraph 69 of the Complaint purports to contain screenshots taken from the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-

initiative-with-rfid/221158/. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint and therefore denies the same.

70. To the extent the allegations of Paragraph 70 purport to characterize the contents of the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/, that document speaks for itself. HHP admits Paragraph 70 of the Complaint purports to contain screenshots taken from the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/. To the extent the allegations of Paragraph 70 purport to characterize the contents of the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ., that document speaks for itself. HHP admits Paragraph 70 of the Complaint purports to contain a screenshot taken from the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ. Further, HHP admits that Paragraph 70 contains a screenshot that, on information and belief, is taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4, which is not included in Paragraph 70. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint and therefore denies the same.

71. To the extent the allegations in Paragraph 71 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 71 of the Complaint purports to contain screenshots taken from the weblink

https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4. To the extent the allegations of Paragraph 71 purport to characterize the contents of the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/, that document speaks for itself. HHP admits Paragraph 71 of the Complaint purports to contain a screenshot taken from the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/. To the extent the allegations of Paragraph 71 purport to characterize the contents of the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ., that document speaks for itself. HHP admits Paragraph 71 of the Complaint purports to contain a screenshot taken from the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint and therefore denies the same.

72. To the extent the allegations of Paragraph 72 purport to characterize the contents of the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ, that document speaks for itself. HHP admits Paragraph 72 of the Complaint purports to contain screenshots taken from the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ. To the extent the allegations of Paragraph 72 purport to characterize the contents of the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/, that document speaks for itself. HHP admits Paragraph 72 of the Complaint purports to contain a screenshot taken from the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/. Further, HHP admits that Paragraph 72 contains a screenshot

that, on information and belief, is taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4, which is not included in Paragraph 72. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint and therefore denies the same.

73. To the extent the allegations in Paragraph 73 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 73 of the Complaint purports to contain screenshots taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4. To the extent the allegations of Paragraph 73 purport to characterize the contents of the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/, that document speaks for itself. HHP admits Paragraph 73 of the Complaint purports to contain a screenshot taken from the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/. To the extent the allegations of Paragraph 73 purport to characterize the contents of the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ, that document speaks for itself. HHP admits Paragraph 73 of the Complaint purports to contain screenshots taken from the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ. HHP otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint and therefore denies the same.

74. To the extent the allegations of Paragraph 74 purport to characterize the contents of the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ, that document speaks for itself. HHP admits Paragraph 74 of the Complaint purports to contain screenshots taken from the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ. To the extent the allegations in Paragraph 74 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 74 of the Complaint purports to contain a screenshot taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4. To the extent the allegations of Paragraph 74 purport to characterize the contents of the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/, that document speaks for itself. HHP admits Paragraph 74 of the Complaint purports to contain a screenshot taken from the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint and therefore denies the same.

75. To the extent the allegations of Paragraph 75 purport to characterize the contents of the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ, that document speaks for itself. HHP admits Paragraph 75 of the Complaint purports to contain screenshots taken from the weblink https://www.youtube.com/watch?v=bMlKf4I5tqQ. To the extent the allegations in Paragraph 75 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4, that document speaks for itself. HHP admits Paragraph 75 of the Complaint purports to contain a screenshot taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/Digital%20twin%20thumbnail%20video.mp4. To the extent the allegations of Paragraph 75 purport to characterize the contents of the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/, that document speaks for itself. HHP admits Paragraph 75 of the Complaint purports to contain a screenshot taken from the weblink https://www.rfidjournal.com/news/ups-delivers-next-phase-in-smart-package-smart-facility-initiative-with-rfid/221158/. HHP otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint and therefore denies the same.

76. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint and therefore denies the same.

77. Denied.

**COUNT II**

(Defendant's Infringement of U.S. Patent No. 7,336,176)

78. HHP repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

79. To the extent the allegations of Paragraph 79 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 79 of the Complaint.

80. To the extent the allegations of Paragraph 80 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 80 of the Complaint.

81. To the extent the allegations of Paragraph 81 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 81 of the Complaint.

82. To the extent the allegations of Paragraph 82 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 82 of the Complaint.

83. Paragraph 83 contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 of the Complaint and therefore denies the same.

84. To the extent the allegations of Paragraph 84 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 84 of the Complaint.

85. To the extent the allegations of Paragraph 85 purport to characterize the contents of the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier, that document speaks for itself. HHP admits Paragraph 85 of the Complaint purports to contain screenshots taken from the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier. To the extent the allegations of Paragraph 85 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPS_Premier_Sales_Sheet.pdf, that document speaks for itself. To the extent the allegations of Paragraph 85 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf, that document speaks for itself. HHP admits Paragraph 85 of the Complaint purports to contain a screenshot taken from the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf. To the extent the allegations of Paragraph 85 purport to characterize the contents of the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1, that document speaks for itself. HHP admits Paragraph 85 of the Complaint purports to contain a screenshot taken from the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1. Paragraph 85 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 of the Complaint and therefore denies the same.

86. To the extent the allegations of Paragraph 86 purport to characterize the contents of the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier, that document speaks for itself. HHP admits Paragraph 86 of the Complaint purports to contain screenshots taken from the

weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier. To the extent the allegations of Paragraph 86 purport to characterize the contents of the weblink https://www.ship24.com/couriers/ups-tracking/ups-order-tracking, that document speaks for itself. HHP admits Paragraph 86 of the Complaint purports to contain a screenshot taken from the weblink https://www.ship24.com/couriers/ups-tracking/ups-order-tracking. To the extent the allegations of Paragraph 86 purport to characterize the contents of the weblink https://www.ups.com/track?loc=en_US&requester=ST/, that document speaks for itself. HHP admits Paragraph 86 of the Complaint purports to contain a screenshot taken from the weblink https://www.ups.com/track?loc=en_US&requester=ST/. To the extent the allegations of Paragraph 86 purport to characterize the contents of the weblink https://deefreight.com/ups-tracking/, that document speaks for itself. Paragraph 86 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of the Complaint and therefore denies the same.

87. To the extent the allegations of Paragraph 87 purport to characterize the contents of the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier, that document speaks for itself. HHP admits Paragraph 87 of the Complaint purports to contain screenshots taken from the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier. To the extent the allegations of Paragraph 87 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPS_Premier_Sales_Sheet.pdf, that document speaks for itself. To the extent the allegations of Paragraph 87 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf,

that document speaks for itself. HHP admits Paragraph 87 of the Complaint purports to contain a screenshot taken from the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf. To the extent the allegations of Paragraph 87 purport to characterize the contents of the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1, that document speaks for itself. HHP admits Paragraph 87 of the Complaint purports to contain a screenshot taken from the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1. Paragraph 87 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 of the Complaint and therefore denies the same.

88. To the extent the allegations of Paragraph 88 purport to characterize the contents of the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier, that document speaks for itself. HHP admits Paragraph 88 of the Complaint purports to contain screenshots taken from the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier. To the extent the allegations of Paragraph 88 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPS_Premier_Sales_Sheet.pdf, that document speaks for itself. To the extent the allegations of Paragraph 88 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf, that document speaks for itself. HHP admits Paragraph 88 of the Complaint purports to contain a screenshot taken from the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf.

To the extent the allegations of Paragraph 88 purport to characterize the contents of the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1, that document speaks for itself. HHP admits Paragraph 88 of the Complaint purports to contain a screenshot taken from the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1. Paragraph 88 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 of the Complaint and therefore denies the same.

89. To the extent the allegations of Paragraph 89 purport to characterize the contents of the weblink https://www.reddit.com/r/UPSers/comments/1g6yn62/whoa/, that document speaks for itself. HHP admits Paragraph 89 of the Complaint purports to contain a screenshot taken from the weblink https://www.reddit.com/r/UPSers/comments/1g6yn62/whoa/. To the extent the allegations of Paragraph 89 purport to characterize the contents of the weblink https://www.ups.com/us/en/healthcare/learning-center/articles/novel-gps-tracking-technology, that document speaks for itself. HHP admits Paragraph 89 of the Complaint purports to contain a screenshot taken from the weblink https://www.ups.com/us/en/healthcare/learning-center/articles/novel-gps-tracking-technology. To the extent the allegations of Paragraph 89 purport to characterize the contents of the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier, that document speaks for itself. HHP admits Paragraph 89 of the Complaint purports to contain screenshots taken from the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier. To the extent the allegations of Paragraph 89 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPS_Premier_Sales_Sheet.pdf, that document speaks for itself. Paragraph 89 also contains conclusions of law and not averments of

fact to which an answer is required, but insofar as any answer may be deemed required, HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 of the Complaint and therefore denies the same.

90. To the extent the allegations of Paragraph 90 purport to characterize the contents of the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier, that document speaks for itself. HHP admits Paragraph 90 of the Complaint purports to contain screenshots taken from the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier. To the extent the allegations of Paragraph 90 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPS_Premier_Sales_Sheet.pdf, that document speaks for itself. To the extent the allegations of Paragraph 90 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf, that document speaks for itself. HHP admits Paragraph 90 of the Complaint purports to contain a screenshot taken from the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf. To the extent the allegations of Paragraph 90 purport to characterize the contents of the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1, that document speaks for itself. HHP admits Paragraph 90 of the Complaint purports to contain a screenshot taken from the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1. To the extent the allegations of Paragraph 90 purport to characterize the contents of the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/SPSF%20and%20RFID%20thumbnail%20video.mp4, that document speaks for itself.

HHP admits Paragraph 90 of the Complaint purports to contain screenshots taken from the weblink https://about.ups.com/content/dam/upsstories/images/our-stories/innovation-driven/ups-takes-center-stage-at-google-cloud-next-24-and-rfid-journal-conferences/SPSF%20and%20RFID%20thumbnail%20video.mp4. Paragraph 90 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 of the Complaint and therefore denies the same.

91. To the extent the allegations of Paragraph 91 purport to characterize the contents of the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier, that document speaks for itself. HHP admits Paragraph 91 of the Complaint purports to contain screenshots taken from the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier. To the extent the allegations of Paragraph 91 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPS_Premier_Sales_Sheet.pdf, that document speaks for itself. To the extent the allegations of Paragraph 91 purport to characterize the contents of the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf, that document speaks for itself. HHP admits Paragraph 91 of the Complaint purports to contain a screenshot taken from the weblink https://www.ups.com/assets/resources/healthcare/media/UPSHC_Novel_GPS_Tracking_Tech.pdf. To the extent the allegations of Paragraph 91 purport to characterize the contents of the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1, that document speaks for itself. HHP admits Paragraph 91 of the Complaint purports to contain a

screenshot taken from the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1. To the extent the allegations of Paragraph 91 purport to characterize the contents of the weblink https://www.logisticsmgmt.com/article/ups_healthcare_heralds_new_features_for_ups_premier_offerings, that document speaks for itself. HHP admits Paragraph 91 of the Complaint purports to contain screenshots taken from the weblink https://www.logisticsmgmt.com/article/ups_healthcare_heralds_new_features_for_ups_premier_offerings. Paragraph 91 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of the Complaint and therefore denies the same.

92. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the Complaint and therefore denies the same.

93. Denied.

**COUNT III**

(Defendant's Infringement of U.S. Patent No. 7,623,439)

94. HHP repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

95. To the extent the allegations of Paragraph 95 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 95 of the Complaint.

96. To the extent the allegations of Paragraph 96 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 96 of the Complaint.

97. To the extent the allegations of Paragraph 97 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 97 of the Complaint.

98. To the extent the allegations of Paragraph 98 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 98 of the Complaint.

99. To the extent the allegations of Paragraph 99 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 99 of the Complaint.

100. HHP admits that it is responsible for the manufacture of the DIAD 6 Terminal and supplies the same to UPS. To the extent the allegations of Paragraph 100 purport to characterize the contents of the weblink https://fcc.report/FCC-ID/HD5-CX85WCR/4132594.pdf, that document speaks for itself. To the extent the allegations of Paragraph 100 purport to characterize the contents of the weblink https://device.report/honeywell/cn85, that document speaks for itself. To the extent the allegations of Paragraph 100 purport to characterize the contents of the weblink https://prod-edam.honeywell.com/content/dam/honeywell-edam/sps/ppr/en-gb/localized/data-sheets/sps-ppr-dolphin-cn80-handheld-computer-data-sheet-en-a4.pdf, that document speaks for itself. To the extent the allegations of Paragraph 100 purport to characterize the contents of the weblink https://aurasystem.net/product/honeywell-cn85-handheld-computer/, that document speaks for itself. Paragraph 100 also contains conclusions of law and not averments of fact to which an answer

is required, but insofar as any answer may be deemed required, HHP denies the allegations in Paragraph 100 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 of the Complaint and therefore denies the same.

101. To the extent the allegations of Paragraph 101 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 101 of the Complaint.

102. HHP admits that the DIAD 6 Terminal may support the IEEE 802.11n standard. To the extent the allegations of Paragraph 102 purport to characterize the contents of the weblink https://prod-edam.honeywell.com/content/dam/honeywell-edam/sps/ppr/en-us/public/products/mobile-computers/handheld-computers/cn80/documents/sps-ppr-dolphin-cn80-handheld-computer-data-sheet-en.pdf?download=false, that document speaks for itself. HHP admits Paragraph 102 of the Complaint purports to contain a screenshot taken from the weblink https://prod-edam.honeywell.com/content/dam/honeywell-edam/sps/ppr/en-us/public/products/mobile-computers/handheld-computers/cn80/documents/sps-ppr-dolphin-cn80-handheld-computer-data-sheet-en.pdf?download=false. To the extent the allegations of Paragraph 102 purport to characterize the contents of the weblink https://aurasystem.net/product/honeywell-cn85-handheld-computer/, that document speaks for itself. HHP admits Paragraph 102 of the Complaint purports to contain a screenshot taken from the weblink https://aurasystem.net/product/honeywell-cn85-handheld-computer/. To the extent the allegations of Paragraph 102 of the Complaint purports to characterize the contents of "IEEE 802.11-2012," that document speaks for itself. HHP admits Paragraph 102 of the Complaint purports to contain screenshots taken from "IEEE 802.11-2012." HHP denies the allegations in Paragraph 102 as to HHP's products. HHP lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Complaint and therefore denies the same.

103. To the extent the allegations of Paragraph 103 of the Complaint purports to characterize the contents of "IEEE 802.11-2012," that document speaks for itself. HHP admits Paragraph 103 of the Complaint purports to contain screenshots taken from "IEEE Std. 802.11-2012." HHP denies the allegations in Paragraph 103 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the Complaint and therefore denies the same.

104. To the extent the allegations of Paragraph 104 of the Complaint purports to characterize the contents of "IEEE 802.11-2012," that document speaks for itself. HHP admits Paragraph 104 of the Complaint purports to contain screenshots taken from "IEEE Std. 802.11-2012." To the extent the allegations of Paragraph 104 purport to characterize the contents of the weblink https://dspillustrations.com/pages/posts/misc/the-cyclic-prefix-cp-in-ofdm.html, that document speaks for itself. HHP admits Paragraph 104 of the Complaint purports to contain a screenshot taken from the weblink https://dspillustrations.com/pages/posts/misc/the-cyclic-prefix-cp-in-ofdm.html. HHP denies the allegations in Paragraph 104 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Complaint and therefore denies the same.

105. To the extent the allegations of Paragraph 105 of the Complaint purports to characterize the contents of "IEEE 802.11-2012," that document speaks for itself. HHP admits Paragraph 105 of the Complaint purports to contain screenshots taken from "IEEE Std. 802.11-2012." To the extent the allegations of Paragraph 105 purport to characterize the contents of the weblink https://dspillustrations.com/pages/posts/misc/the-cyclic-prefix-cp-in-ofdm.html, that

document speaks for itself. HHP admits Paragraph 105 of the Complaint purports to contain a screenshot taken from the weblink https://dspillustrations.com/pages/posts/misc/the-cyclic-prefix-cp-in-ofdm.html. To the extent the allegations of Paragraph 105 of the Complaint purports to characterize the contents of "B. Bing, Broadband Wireless Multimedia Networks, Wiley, 2013," that document speaks for itself. HHP admits Paragraph 105 of the Complaint purports to contain screenshots taken from "B. Bing, Broadband Wireless Multimedia Networks, Wiley, 2013." HHP denies the allegations in Paragraph 105 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the Complaint and therefore denies the same.

106. To the extent the allegations of Paragraph 106 of the Complaint purports to characterize the contents of "IEEE 802.11-2012," that document speaks for itself. HHP admits Paragraph 106 of the Complaint purports to contain a screenshot taken from "IEEE Std. 802.11-2012." To the extent the allegations of Paragraph 106 of the Complaint purports to characterize the contents of "Gast, Matthew, S., 802.11n A Survival Guide, O'Reilly, 2012," that document speaks for itself. HHP admits Paragraph 106 of the Complaint purports to contain screenshots taken from "Gast, Matthew, S., 802.11n A Survival Guide, O'Reilly, 2012." HHP denies the allegations in Paragraph 106 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 of the Complaint and therefore denies the same.

107. HHP admits that it has known of the '439 Patent since at least when it received a copy of the Complaint. HHP denies all remaining allegations in Paragraph 107 of the Complaint.

108. Denied.

**COUNT IV**

(Defendant's Infringement of U.S. Patent No. 8,594,122)

109. HHP repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

110. To the extent the allegations of Paragraph 110 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 110 of the Complaint.

111. To the extent the allegations of Paragraph 111 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 111 of the Complaint.

112. To the extent the allegations of Paragraph 112 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 112 of the Complaint.

113. To the extent the allegations of Paragraph 113 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 113 of the Complaint.

114. To the extent the allegations of Paragraph 114 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 114 of the Complaint.

115. To the extent the allegations of Paragraph 115 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 115 of the Complaint.

116. HHP admits that it is responsible for the manufacture of the DIAD 6 Terminal and supplies the same to UPS. To the extent the allegations of Paragraph 116 purport to characterize the contents of the weblink https://fcc.report/FCC-ID/HD5-CX85WCR/4132594.pdf, that document speaks for itself. To the extent the allegations of Paragraph 116 purport to characterize the contents of the weblink https://device.report/honeywell/cn85, that document speaks for itself. To the extent the allegations of Paragraph 116 purport to characterize the contents of the weblink https://prod-edam.honeywell.com/content/dam/honeywell-edam/sps/ppr/en-gb/localized/data-sheets/sps-ppr-dolphin-cn80-handheld-computer-data-sheet-en-a4.pdf, that document speaks for itself. To the extent the allegations of Paragraph 116 purport to characterize the contents of the weblink https://aurasystem.net/product/honeywell-cn85-handheld-computer/, that document speaks for itself. Paragraph 116 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP denies the allegations in Paragraph 116 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 of the Complaint and therefore denies the same.

117. To the extent the allegations of Paragraph 117 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 117 of the Complaint.

118. To the extent the allegations of Paragraph 118 purport to characterize the contents of the weblink https://prod-edam.honeywell.com/content/dam/honeywell-edam/sps/ppr/en-us/public/products/mobile-computers/handheld-computers/cn80/documents/sps-ppr-dolphin-cn80-handheld-computer-data-sheet-en.pdf?download=false, that document speaks for itself. HHP admits Paragraph 118 of the Complaint purports to contain a screenshot taken from the weblink https://prod-

edam.honeywell.com/content/dam/honeywell-edam/sps/ppr/en-us/public/products/mobile-computers/handheld-computers/cn80/documents/sps-ppr-dolphin-cn80-handheld-computer-data-sheet-en.pdf?download=false. To the extent the allegations of Paragraph 118 purport to characterize the contents of the weblink https://aurasystem.net/product/honeywell-cn85-handheld-computer/, that document speaks for itself. HHP admits Paragraph 118 of the Complaint purports to contain a screenshot taken from the weblink https://aurasystem.net/product/honeywell-cn85-handheld-computer/. To the extent the allegations of Paragraph 118 of the Complaint purports to characterize the contents of "IEEE Std. 802.11-2012," that document speaks for itself. HHP admits Paragraph 118 of the Complaint purports to contain screenshots taken from "IEEE Std. 802.11-2012." HHP denies the allegations in Paragraph 118 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Complaint and therefore denies the same.

119. To the extent the allegations of Paragraph 119 of the Complaint purports to characterize the contents of "IEEE Std. 802.11-2016," that document speaks for itself. HHP admits Paragraph 119 of the Complaint purports to contain screenshots taken from "IEEE Std. 802.11-2016." HHP denies the allegations in Paragraph 119 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 of the Complaint and therefore denies the same.

120. To the extent the allegations of Paragraph 120 of the Complaint purports to characterize the contents of "IEEE Std. 802.11-2016," that document speaks for itself. HHP admits Paragraph 120 of the Complaint purports to contain screenshots taken from "IEEE Std. 802.11-2016." HHP denies the allegations in Paragraph 120 as to HHP's products. HHP lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120 of the Complaint and therefore denies the same.

121. To the extent the allegations of Paragraph 121 of the Complaint purports to characterize the contents of "IEEE Std. 802.11-2016," that document speaks for itself. HHP admits Paragraph 121 of the Complaint purports to contain screenshots taken from "IEEE Std. 802.11-2016." HHP denies the allegations in Paragraph 121 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121 of the Complaint and therefore denies the same.

122. To the extent the allegations of Paragraph 122 of the Complaint purports to characterize the contents of "IEEE Std. 802.11-2016," that document speaks for itself. HHP admits Paragraph 122 of the Complaint purports to contain screenshots taken from "IEEE Std. 802.11-2016." HHP denies the allegations in Paragraph 122 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122 of the Complaint and therefore denies the same.

123. HHP admits that it has known of the '122 Patent since at least when it received a copy of the Complaint. HHP denies all remaining allegations in Paragraph 123 of the Complaint.

124. Denied.

## COUNT V

(Defendant's Infringement of U.S. Patent No. 11,363,564)

125. HHP repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

126. To the extent the allegations of Paragraph 126 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 126 of the Complaint.

127. To the extent the allegations of Paragraph 127 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 127 of the Complaint.

128. To the extent the allegations of Paragraph 128 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 128 of the Complaint.

129. To the extent the allegations of Paragraph 129 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 129 of the Complaint.

130. HHP admits that it is responsible for the manufacture of the DIAD 5 Terminal and DIAD 6 Terminal and supplies the same to UPS. Paragraph 130 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP denies the allegations in Paragraph 130 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 of the Complaint and therefore denies the same.

131. HHP admits that Paragraph 131 contains a screenshot that, on information and belief, is taken from the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier, which is not included in Paragraph 131. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131 of the Complaint and therefore denies the same.

132. HHP admits that Paragraph 132 contains a screenshot that, on information and belief, is taken from the weblink https://www.wsj.com/articles/new-technology-is-taking-package-tracking-past-scanning-3c9a3cf1, which is not included in Paragraph 132. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 of the Complaint and therefore denies the same.

133. To the extent the allegations of Paragraph 133 purport to characterize the contents of the weblink https://www.reddit.com/r/UPSers/comments/1g6yn62/whoa/, that document speaks for itself. HHP admits Paragraph 133 of the Complaint purports to contain a screenshot taken from the weblink https://www.reddit.com/r/UPSers/comments/1g6yn62/whoa/. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 of the Complaint and therefore denies the same.

134. To the extent the allegations of Paragraph 134 purport to characterize the contents of the weblink https://fcc.report/FCC-ID/2AXA8-FBO-2004/6869557.pdf, that document speaks for itself. HHP admits Paragraph 134 of the Complaint purports to contain a screenshot taken from the weblink https://fcc.report/FCC-ID/2AXA8-FBO-2004/6869557.pdf. Paragraph 134 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP denies the allegations in Paragraph 134 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134 of the Complaint and therefore denies the same.

135. To the extent the allegations of Paragraph 135 of the complaint purport to characterize the contents of a written document, that document speaks for itself. HHP otherwise denies the allegations of Paragraph 135 of the Complaint.

136. HHP denies the allegations in Paragraph 136 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 of the Complaint and therefore denies the same.

137. HHP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the Complaint and therefore denies the same.

138. To the extent the allegations of Paragraph 138 purport to characterize the contents of the weblink https://fcc.report/FCC-ID/2AXA8-FBO-2004/6869557.pdf, that document speaks for itself. HHP admits Paragraph 138 of the Complaint purports to contain a screenshot taken from the weblink https://fcc.report/FCC-ID/2AXA8-FBO-2004/6869557.pdf. Paragraph 138 also contains conclusions of law and not averments of fact to which an answer is required, but insofar as any answer may be deemed required, HHP denies the allegations in Paragraph 138 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138 of the Complaint and therefore denies the same.

139. To the extent the allegations of Paragraph 139 of the Complaint purports to characterize the contents of "TS 36.304," that document speaks for itself. HHP admits Paragraph 139 of the Complaint purports to contain a screenshot taken from "TS 36.304." To the extent the allegations of Paragraph 139 of the Complaint purports to characterize the contents of "3Gpp TS.300 V8.10.0 (2010-03)," that document speaks for itself. HHP admits Paragraph 139 of the Complaint purports to contain a screenshot taken from "3Gpp TS.300 V8.10.0 (2010-03)." HHP denies the allegations in Paragraph 139 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139 of the Complaint and therefore denies the same.

140. To the extent the allegations of Paragraph 140 of the Complaint purports to characterize the contents of "3GPP TS 36.300 V8.12.0 (2010-04)," that document speaks for itself. HHP admits Paragraph 140 of the Complaint purports to contain screenshots taken from "3GPP TS 36.300 V8.12.0 (2010-04)." To the extent the allegations of Paragraph 140 of the Complaint purports to characterize the contents of "3GPP TS 36.213 V8.8.0 (2010-01)," that document speaks for itself. HHP admits Paragraph 140 of the Complaint purports to contain a screenshot taken from "3GPP TS 36.213 V8.8.0 (2010-01)." HHP denies the allegations in Paragraph 140 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140 of the Complaint and therefore denies the same.

141. To the extent the allegations of Paragraph 141 of the Complaint purports to characterize the contents of "3GPP TS 36.213 V8.8.0 (2009-09)," that document speaks for itself. HHP admits Paragraph 141 of the Complaint purports to contain a screenshot taken from "3GPP TS 36.213 V8.8.0 (2009-09)." To the extent the allegations of Paragraph 141 of the Complaint purports to characterize the contents of "C. Cox, An Introduction to LTE, Wiley, 2012," that document speaks for itself. HHP admits Paragraph 141 of the Complaint purports to contain screenshots taken from "C. Cox, An Introduction to LTE, Wiley, 2012." To the extent the allegations of Paragraph 141 of the Complaint purports to characterize the contents of "3GPP TS 36.321 V8.12.0 (2012-03)," that document speaks for itself. HHP admits Paragraph 141 of the Complaint purports to contain a screenshot taken from "3GPP TS 36.321 V8.12.0 (2012-03)." To the extent the allegations of Paragraph 141 of the Complaint purports to characterize the contents of "3GPP TS 36.212 V8.8.0 (2009-12)," that document speaks for itself. HHP admits Paragraph 141 of the Complaint purports to contain a screenshot taken from "3GPP TS 36.212 V8.8.0 (2009-12)." To the extent the allegations of Paragraph 141 of the Complaint purports to characterize the contents of "3GPP TS 36.300 V8.12.0

(2010-04)," that document speaks for itself. HHP admits Paragraph 141 of the Complaint purports to contain a screenshot taken from "3GPP TS 36.300 V8.12.0 (2010-04)." HHP denies the allegations in Paragraph 141 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 of the Complaint and therefore denies the same.

142. To the extent the allegations of Paragraph 142 of the Complaint purports to characterize the contents of "3GPP TS 36.213 V8.8.0 (2009-09)," that document speaks for itself. HHP admits Paragraph 142 of the Complaint purports to contain a screenshot taken from "3GPP TS 36.213 V8.8.0 (2009-09)." To the extent the allegations of Paragraph 142 of the Complaint purports to characterize the contents of "3GPP TS 36.300 V8.12.0 (2010-04)," that document speaks for itself. HHP admits Paragraph 142 of the Complaint purports to contain a screenshot taken from "3GPP TS 36.300 V8.12.0 (2010-04)." HHP denies the allegations in Paragraph 142 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 of the Complaint and therefore denies the same.

143. To the extent the allegations of Paragraph 143 of the Complaint purports to characterize the contents of "3GPP TS 36.331 V8.21.0 (2014-06)," that document speaks for itself. HHP admits Paragraph 143 of the Complaint purports to contain screenshots taken from "3GPP TS 36.331 V8.21.0 (2014-06)." HHP denies the allegations in Paragraph 143 as to HHP's products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143 of the Complaint and therefore denies the same.

144. To the extent the allegations of Paragraph 144 of the Complaint purports to characterize the contents of "3GPP TS 36.331 V8.21.0 (2014-06)," that document speaks for itself. HHP admits Paragraph 144 of the Complaint purports to contain screenshots taken from "3GPP TS

36.331 V8.21.0 (2014-06).” To the extent the allegations of Paragraph 144 of the Complaint purports to characterize the contents of “3GPP TS 36.300 V8.12.0 (2010-03),” that document speaks for itself. HHP admits Paragraph 144 of the Complaint purports to contain a screenshot taken from “3GPP TS 36.300 V8.12.0 (2010-03).” To the extent the allegations of Paragraph 144 purport to characterize the contents of the weblink https://www.logisticsmgmt.com/article/ups_healthcare_heralds_new_features_for_ups_premier_offerings, that document speaks for itself. HHP admits Paragraph 144 of the Complaint purports to contain a screenshot taken from the weblink https://www.logisticsmgmt.com/article/ups_healthcare_heralds_new_features_for_ups_premier_offerings. To the extent the allegations of Paragraph 144 purport to characterize the contents of the weblink https://www.mmh.com/article/ups_healthcare_heralds_new_features_for_ups_premier_offerings, that document speaks for itself. To the extent the allegations of Paragraph 144 purport to characterize the contents of the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier, that document speaks for itself. HHP admits Paragraph 144 of the Complaint purports to contain a screenshot taken from the weblink https://www.ups.com/us/en/healthcare/solutions/ups-premier. HHP denies the allegations in Paragraph 144 as to HHP’s products. HHP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 of the Complaint and therefore denies the same.

145. HHP admits that it has known of the ’564 Patent since at least when it received a copy of the Complaint. HHP denies all remaining allegations in Paragraph 145 of the Complaint.

146. Denied.

## PRAYER FOR RELIEF

HHP denies that Plaintiffs are entitled to any relief, as prayed for or otherwise.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

HHP admits that the Complaint purports to demand a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

## HHP'S AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, HHP alleges and asserts the following affirmative defenses in response to the allegations of the Complaint. Regardless of how such defenses are listed herein, HHP undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, HHP specifically reserves the right to allege additional defenses pursuant to any docket control order or that becomes known through the course of this action.

### FIRST AFFIRMATIVE DEFENSE

### (No Infringement)

Defendant, by its use of HHP's products, does not infringe and has not infringed (literally, under the doctrine of equivalents, contributorily, or by inducement) any valid and enforceable claim of the '439 Patent, the '122 Patent, or '564 Patent (collectively, the "Patents Asserted Against HHP Products").

### SECOND AFFIRMATIVE DEFENSE

### (Invalidity/Unenforceability)

One or more claims of the Patents Asserted Against HHP Products are invalid or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**THIRD AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel/Disclaimer)**

Plaintiffs' claims are barred by the doctrine of prosecution history estoppel and disclaimer based on statements, representations, and/or admissions made during the prosecution of the Patents Asserted Against HHP Products.

**FOURTH AFFIRMATIVE DEFENSE**

**(Damages Statutorily Limited)**

Any claim by Plaintiffs for damages and/or costs is limited by 35 U.S.C. §§ 252, 286, 287, 288, 307, and/or 318.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

Plaintiffs' claims are barred, or Plaintiffs' patents are unenforceable, due to the equitable doctrines including waiver, unclean hands, and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Ensnarement)**

Plaintiffs cannot assert their claims under the doctrine of equivalents to cover the accused products because such an asserted scope of equivalency would encompass or ensnare the prior art.

**RESERVATION OF ADDITIONAL DEFENSES**

HHP reserves the right to amend its Answer to add additional Affirmative Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including, but not limited to, instances of inequitable conduct and/or patent misuse) as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that HHP has the burden of proving the matter asserted.

## INTERVENOR HHP'S COUNTERCLAIMS

## THE PARTIES

1. Intervenor Hand Held Products, Inc. ("HHP") is a Delaware corporation with its principal place of business at 700 Visions Drive, Skaneateles Falls, NY 13153.

2. Based on assertions by Plaintiff Intellectual Ventures I LLC's ("IVI") and Plaintiff Intellectual Ventures II LLC's ("IVII") (collectively, "Plaintiffs"), IVI is a Delaware limited liability company with its principal place of business located at 14360 SE Eastgate Way, Bellevue, WA 98007 and IVII is a Delaware limited liability company with its principal place of business located at 14360 SE Eastgate Way, Bellevue, WA 98007.

3. Based on the assertions by Plaintiffs, Plaintiffs have substantial rights and interests in United States Patent No. 7,623,439 (the "'439 Patent"), United States Patent No. 8,594,122 (the "'122 Patent"), and United States Patent No. 11,363,564 (the "'564 Patent") (collectively, the "Patents Asserted Against HHP Products").

4. Plaintiffs have sued HHP's customer, United Parcel Service, Inc. ("UPS") with respect to the Patents Asserted Against HHP Products as well as United States Patent No. 7,199,715 (the "'715 Patent") and United States Patent No. 7,336,176 (the "'176 Patent") in the Western District of Texas Case No. 1:26-CV-100 (the "UPS Case").

5. Plaintiffs' Complaint in the UPS Case alleges infringement based, in part, upon functionality implemented by technology supplied by HHP to UPS.

6. In response, UPS has tendered an indemnity demand to HHP with respect to the Patents Asserted Against HHP Products.

## JURISDICTION AND VENUE

7. This is an action for a declaration that HHP's products do not infringe each and every claim of the Patents Asserted Against HHP Products. Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

8. Plaintiffs are subject to personal jurisdiction of this Court by virtue of the Complaint for Patent Infringement ("Complaint") that Plaintiffs filed in this Court in the UPS Case.

9. Under 28 U.S.C. §§ 1391 and 1400(b), venue is proper for HHP's counterclaims against Plaintiffs.

10. HHP brings the following counterclaims against Plaintiffs:

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '439 Patent)

11. HHP realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

12. Plaintiffs have asserted that UPS infringes the '439 Patent.

13. An actual, substantial, and continuing justiciable controversy exists between HHP and Plaintiffs with respect to infringement of the '439 Patent.

14. HHP has not infringed and does not infringe any valid and enforceable claim of the '439 Patent literally, directly, indirectly (such as contributorily or by way of inducement), or under the doctrine of equivalents, nor has any such infringement been willful.

15. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between HHP and Plaintiffs as to whether HHP has infringed or infringes any valid and enforceable claim of the '439 Patent.

16. A judicial declaration concerning these matters is necessary and appropriate so that HHP can ascertain its rights regarding the ’439 Patent.

**COUNT II**

**(Invalidity of the ’439 Patent)**

17. HHP realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

18. HHP contends that the asserted claims of the ’439 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

19. HHP is informed and believes, and on that basis alleges, that Plaintiffs contend that the ’439 Patent is valid and enforceable.

20. Accordingly, a valid and justiciable controversy has arisen and exists between HHP and Plaintiffs. HHP desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that parties may ascertain their respective rights and duties.

21. HHP is therefore entitled to a declaratory judgment that the asserted claims of the ’439 Patent are invalid.

**COUNT III**

**(Declaratory Judgment of Non-Infringement of the ’122 Patent)**

22. HHP realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

23. Plaintiffs have asserted that UPS infringes the ’122 Patent.

24. An actual, substantial, and continuing justiciable controversy exists between HHP and Plaintiffs with respect to infringement of the ’122 Patent.

25. HHP has not infringed and does not infringe any valid and enforceable claim of the ’122 Patent literally, directly, indirectly (such as contributorily or by way of inducement), or under the doctrine of equivalents, nor has any such infringement been willful.

26. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between HHP and Plaintiffs as to whether HHP has infringed or infringes any valid and enforceable claim of the ’122 Patent.

27. A judicial declaration concerning these matters is necessary and appropriate so that HHP can ascertain its rights regarding the ’122 Patent.

**COUNT IV**

**(Invalidity of the ’122 Patent)**

28. HHP realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

29. HHP contends that the asserted claims of the ’122 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

30. HHP is informed and believes, and on that basis alleges, that Plaintiffs contend that the ’122 Patent is valid and enforceable.

31. Accordingly, a valid and justiciable controversy has arisen and exists between HHP and Plaintiffs. HHP desires a judicial determination and declaration of the respective rights and

duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that parties may ascertain their respective rights and duties.

32. HHP is therefore entitled to a declaratory judgment that the asserted claims of the ’122 Patent are invalid.

**COUNT V**

**(Declaratory Judgment of Non-Infringement of the ’564 Patent)**

33. HHP realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

34. Plaintiffs have asserted that UPS infringes the ’564 Patent.

35. An actual, substantial, and continuing justiciable controversy exists between HHP and Plaintiffs with respect to infringement of the ’564 Patent.

36. HHP has not infringed and does not infringe any valid and enforceable claim of the ’564 Patent literally, directly, indirectly (such as contributorily or by way of inducement), or under the doctrine of equivalents, nor has any such infringement been willful.

37. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between HHP and Plaintiffs as to whether HHP has infringed or infringes any valid and enforceable claim of the ’564 Patent.

38. A judicial declaration concerning these matters is necessary and appropriate so that HHP can ascertain its rights regarding the ’564 Patent.

**COUNT VI**

**(Invalidity of the ’564 Patent)**

39. HHP realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

40. HHP contends that the asserted claims of the ’564 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

41. HHP is informed and believes, and on that basis alleges, that Plaintiffs contend that the ’564 Patent is valid and enforceable.

42. Accordingly, a valid and justiciable controversy has arisen and exists between HHP and Plaintiffs. HHP desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that parties may ascertain their respective rights and duties.

43. HHP is therefore entitled to a declaratory judgment that the asserted claims of the ’564 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, HHP respectfully requests that the Court enter Judgment and Order against Plaintiffs as follows:

a. A declaration that HHP does not infringe the ’439 Patent, the ’122 Patent, and the ’564 Patent.

b. A declaration that the ’439 Patent, the ’122 Patent, and the ’564 Patent are invalid and/or unenforceable as asserted against HHP.

c. An Order declaring that this is an exceptional case and awarding HHP its costs, expenses, and reasonable attorneys’ fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

d. Any such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), HHP demands a trial by jury on all issues so triable.

Dated: March 30, 2026

Respectfully Submitted,

*By: /s/ Rodney Miller*
Rodney Miller
Texas Bar No.: 24070280
**WOMBLE BOND DICKINSON (US) LLP**
1331 Spring Street NW, Ste. 1400
Atlanta, GA 30309
T: 404-879-2435
Email: Rodney.Miller@wbd-us.com

James E. Dority (*PHV forthcoming*)
South Carolina Bar No. 104627
**WOMBLE BOND DICKINSON (US) LLP**
550 S Main St., #400
Greenville, SC 29601
T: (864) 255-5400
Email: James.Dority@wbd-us.com

Daniel M. Attaway (*PHV forthcoming*)
Delaware Bar No. 5130
Alexander P. Wharton (*PHV forthcoming*)
Delaware Bar No. 7304
**WOMBLE BOND DICKINSON (US) LLP**
1313 N. Market Street, Ste 1200
Wilmington, DE 19801
T: (302) 252-4320
Email: Daniel.Attaway@wbd-us.com
Email: Alexander.Wharton@wbd-us.com

***ATTORNEYS FOR MOVANT/INTERVENTOR HAND HELD PRODUCTS, INC.***