**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED PARCEL SERVICE, INC.,**<br><br>**Defendant,**<br><br>**HAND HELD PRODUCTS, INC.,**<br><br>**Intervenor.** | **Case No. 1:26-cv-00100-ADA**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO DISMISS INTEVERNOR HAND HELD PRODUCTS, INC.'S AMENDED INVALIDITY COUNTERCLAIMS <u>(COUNTS II, IV, VI)</u>**

## I. INTRODUCTION

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures" or "Plaintiffs"), by and through the undersigned counsel, hereby move to dismiss or strike Intervenor Hand Held Products, Inc.'s ("HHP") Amended Invalidity Counterclaims, as alleged in Counts II, IV, and VI of HHP's Answer in Intervention, Affirmative Defenses, and Amended Counterclaims to Plaintiffs' Complaint ("HHP's Amended Invalidity Counterclaims") (Dkt. 32).

HHP's Amended Invalidity Counterclaims should be dismissed because they fail to set forth a plausible claim for relief. Count II is representative of the deficiencies challenged in this Motion:

> 22. HHP contends that the asserted claims of the '439 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).
>
> 23. For example, one or more of the asserted claims of the '439 Patent are invalid under 35 U.S.C. § 103, at least in view of U.S. Patent No. 6,842,487 ("Larsson") in combination with other prior art; U.S. Patent No. 5,961,575 ("Hervin") in combination with other prior art; and/or U.S Patent Publication No. 2002/0122499 ("Kannan") in combination with other prior art. Additionally, for example, one or more of the asserted claims of the '439 Patent are invalid under 35 U.S.C. § 112 such as for lack of written description.

(Dkt. 32 at p. 47). Thus, the alleged basis for invalidity in Count II is "pursuant to" "one or more of the provisions of Title 35 of the United States Code" and an undefined number of "other prior art." These provisions include, but **are not limited to** sections 101, 102, 103, **and/or** 112, and the allegation as to Section 112 is further compounded to mean "indefiniteness and failure to satisfy the written description **and/or** enablement requirements" (emphasis added). As such, Plaintiffs are forced to guess as to which of these multiple alleged invalidity bases on which HHP relies, and because the allegation is explicitly "not limited to" the listed bases, Plaintiffs are forced to guess what ***else*** HHP could be basing its invalidity claim on. Such vague and sweeping pleading simply cannot set forth a plausible claim.

Count II provides examples of invalidity theories under sections 103 and 112, but those examples do not cure the deficiencies. HHP alleges that **one or more asserted claims** are invalid under section 103 **at least in view of** Larsson in combination **with other prior art**, Hervin in combination **with other prior art**, **and/or** Kannon in combination **with other prior art**. HHP

further alleges that **one or more asserted claims** are invalid under section 112 **such as** for lack of written description. By relying on "at least" three references combined with unspecified "other prior art," HHP fails to identify the actual grounds on which its invalidity counterclaims rest and leaves open an effectively limitless universe of possible prior-art combinations. In addition, IV is left to conjecture as to which asserted claims Count II is directed. As a result, HHP's Amended Invalidity Counterclaims should be dismissed.

## II. LEGAL STANDARD

A complaint that fails "to state a claim upon which relief can be granted" should be dismissed. FED. R. CIV. P. 12(b)(6). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Sims v. Allstate Fire & Cas. Ins. Co.*, 746 F. Supp. 3d 417, 420 (W.D. Tex. 2024). To survive dismissal, the complaint must allege "enough facts to state a claim for relief *that is plausible on its face*." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). A claim is plausible on its face when the well-pleaded facts allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings." *Bob Davis Paint & Drywall Inc. v. Valspar Corp.*, 452 F. Supp. 3d 589, 596 (S.D. Tex. 2020) (quoting Scanlan *v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). The Court's inquiry "is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted).

In ruling on a 12(b)(6) motion to dismiss, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602

U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79). However, the Court will not assume the truth of "legal conclusions; mere labels; [t]hreadbare recitals of the elements of a cause of action; conclusory statements; [or] naked assertions devoid of further factual enhancement." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc) (quoting *Iqbal*, 556 U.S. at 678) (internal marks omitted); *see Damond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025) ("[C]onclusory allegations or legal conclusions masquerading as fact[s] ... will not suffice to prevent a motion to dismiss.").

**A. HHP's Amended Invalidity Counterclaims Fail to State a Claim**

As an initial matter, courts have repeatedly held that "Claims of patent invalidity supported only by conclusory allegations and a 'bare-bones recitation of [patent] statutes' do not meet the pleading requirements set forth in *Twombly* and *Iqbal*." *Xilinx, Inc. v. Invention Inv. Fund I LP*, Case No. C-11-0671-SI, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011); *see Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1050 (N.D. Cal. Feb. 26, 2004); *see also Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010); *cf. Robert Bosch LLC v. Westport Fuel Systems Canada, Inc.,* 2025 WL 3111507, *1–2 (E.D. Tex. 2025) ("[I]t is questionable whether this perfunctory, single-sentence assertion is sufficient to preserve all of the statutory invalidity bases listed."). Under this reasoning, HHP's allegations in paragraphs 22, 35, and 48—all or which refer broadly to "Title 35 of the United States Code" fail to set forth a plausible claim for relief.

However, in the paragraphs that follow these paragraphs in each count (all of which are phrased identically), HHP makes a pretense of providing more detail regarding at least the prior art bases for the counterclaim. But those paragraphs are so sweeping, ambiguous, caveated and compound that they actually only serve to render HHP's Amended Invalidity Counterclaims even

more inscrutable. Indeed, those paragraphs can best be described as legal "squid ink," spewed out in indiscriminate clouds, intended to obscure any actual basis for the counterclaims, while providing no guidance at all to Plaintiffs or the Court as to the alleged basis for HHP's allegations of invalidity. They do not plausibly state a claim for relief.

The invalidity counterclaims at issue here are as sweeping, vague, and barebones as any that have been dismissed in the cited cases. As noted, Count II is representative, as all of HHP's Amended Invalidity Counterclaims are identically phrased:

> 22. HHP contends that the asserted claims of the '439 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).
>
> 23. For example, one or more of the asserted claims of the '439 Patent are invalid under 35 U.S.C. § 103, at least in view of U.S. Patent No. 6,842,487 ("Larsson") in combination with other prior art; U.S. Patent No. 5,961,575 ("Hervin") in combination with other prior art; and/or U.S Patent Publication No. 2002/0122499 ("Kannan") in combination with other prior art. Additionally, for example, one or more of the asserted claims of the '439 Patent are invalid under 35 U.S.C. § 112 such as for lack of written description.

(Dkt. 20 at p. 46).

Thus, HHP introduces its counterclaim with the same laundry list of statutory sections that has routinely been found inadequate to provide notice of the grounds on which an alleged invalidity counterclaim can be based. This allegation is rendered more indecipherable yet by the fact that the citations to the statute are to "one or more requirements" of the cited sections, "including but not limited to" sections 101, 102, 103, and/or 112.

Further obscuring the meaning of HHP's invalidity counterclaims, the following paragraph purports to cite an "example" of its limitless invalidity allegations, with the assertion that "***one or more*** *of the asserted claims*" are invalid "***at least*** *in view of*" the '487 patent, the '575 patent, "***and/or***" U.S. Publication No. 2002/0122499, each "*in combination with* ***other prior art***" (emphasis added).

As an initial matter, this apparently innocuous allegation asserts that the '439 Patent is allegedly invalid under "one or more" of four sections of the Patent Act, which encompass patentability, anticipation, obviousness, and deficiencies in claiming such as indefiniteness, lack of written description, enablement, etc. Moreover, this paragraph appears to allege that, one or more claims of the '439 patent are invalid, "at least in view of" an infinite number of prior art references in combination with an equally infinite number of prior art references. Nor does HHP's passing reference to section 112 cure the defect. HHP's example assertion that "***one or more*** *of the asserted claims*" are invalid under Section 112 "***such as for l****ack of written description*," merely gestures toward one possible theory while leaving entirely unclear whether HHP also intends to assert indefiniteness, lack of enablement, or any other section 112 challenge. Indeed, despite purporting to provide additional detail, the paragraph offers no factual content whatsoever explaining how any claim limitation is allegedly disclosed in the cited art or why any claim purportedly fails to satisfy any statutory requirement.

Far from putting the Plaintiffs on notice of a plausible allegation of invalidity, this counterclaim buries and obscures any plausible claim that might exist in an impenetrable cloud of ambiguity. Even under the most permissive "notice pleading" standard, this cannot pass muster, but under the Iqbal and Twombly line of cases, it clearly fails.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs ask the Court to grant their motion to dismiss, without prejudice, HHP's Amended Invalidity Counterclaims.

Dated: May 22, 2026

Respectfully submitted,

/s/ *Karl Rupp*

Steven R. Daniels
State Bar No. 24025318
sdaniels@princelobel.com
PRINCE LOBEL TYE LLP
500 W. 5th Street, Suite 1205
Austin, TX 78701
Tel: (617) 456-8000

Matthew D. Vella
mvella@princelobel.com
Nicholas W. Armington
narmington@princelobel.com
Kevin Gannon
kgannon@princelobel.com
Amanda L'Esperance
alesperance@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000

Karl Rupp
State Bar No. 24035243
SOREY & HOOVER, LLP
133 E. Tyler Street
Longview, Texas 75601
Tel: (903) 230-5600
Fax: (903) 230-5656
krupp@soreylaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to all counsel of record via the Court's CM/ECF service on this 22nd day of May, 2026.

*/s/ Karl Rupp*
Karl Rupp